NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0442n.06
Filed: July 25, 2008

No. 07-5999

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JAMES CLARK, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| LOCKHEED MARTIN ENERGY SYSTEMS, | ) | **O P I N I O N** |
| INC.; WACKENHUT SERVICES, INC., | ) | |
| | ) | |
| *Defendants-Appellees*. | | |

BEFORE:     COLE and GRIFFIN, Circuit Judges; and SARGUS, District Judge.[*]

**R. GUY COLE, JR., Circuit Judge.**  James Clark, an African-American male, brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e , and 42 U.S.C. § 1981, against his former and current employers, Lockheed Martin Energy Systems, Inc. and Wackenhut Services, Inc., respectively, which provide security support services for federal nuclear facilities pursuant to a government contract.  Clark claims that: (1) he was denied promotions because of his race while working for Lockheed Martin, during the contract transition from Lockheed Martin to Wackenhut, and while working for Wackenhut; (2) he was denied a promotion by Wackenhut in retaliation for

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

his filing the instant action; (3) he was disciplined by Wackenhut in a discriminatory manner; (4) his pay raises while at Lockheed Martin were lower than those given to similarly situated white co-workers; and (5) he was subjected to a hostile-work environment while at Lockheed Martin and Wackenhut. The district court granted summary judgment in favor of Defendants and dismissed all of Clark's claims. Clark now appeals.

Title VII forbids employers from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Under the circumstantial-evidence approach to proving discrimination, which Clark employs, the familiar *McDonnell Douglas*/*Burdine* burden-shifting framework applies. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981). First, the plaintiff must make out a prima facie case of discrimination. *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1020–21 (6th Cir. 2000). "After a plaintiff creates a presumption of discrimination by establishing a prima facie case, a defendant may rebut the presumption by proffering a legitimate, nondiscriminatory reason for its decision." *Id.* at 1021. If the employer carries its burden, the plaintiff must then prove by a preponderance of the evidence that the reasons offered by the employer are pretextual. *Id.* Throughout this burden-shifting process, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004) (internal citation omitted). Clark's discrimination and retaliation claims under § 1981 are governed by the same burden-shifting framework as his claims under Title VII. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 454 (6th Cir. 2001).

Applying a de novo standard of review, as we must, *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (en banc), and having reviewed thoroughly the briefs, record, and legal precedent, we agree with the district court that Clark failed to make out a prima facie case and/or failed to rebut Defendants' legitimate, nondiscriminatory reasons for each of Clark's claims. Because the persuasive reasoning that supports the judgment in favor of Defendants has been articulated clearly by the district court, the issuance of a detailed written opinion by us would be unduly duplicative. Accordingly, the judgment rendered by the Honorable Thomas W. Phillips is affirmed on the basis of the reasoning set forth in the thorough July 12, 2007 Memorandum Opinion.